650 N.W.2d 327 (2002)
Jeffrey L. FRAZZINI, Plaintiff-Appellee, and
AAA of Michigan, Intervening Plaintiff-Appellee,
v.
TOTAL PETROLEUM INCORPORATED, Self Insured, Defendant-Appellant.
Jack D. Hill, Deceased, by Edward F. Hill, Personal Representative, Plaintiff-Appellee, and
Automobile Club of Michigan, Intervening Plaintiff-Appellee,
v.
Faircloth Manufacturing Company and Accident Fund Company, Defendants-Appellants.
Docket Nos. 119362, 119363. COA Nos. 223694, 221335.
Supreme Court of Michigan.
September 10, 2002.
On order of the Court, the motions for reconsidereation of the orders of July 18, *328 2002 are considered and they are DENIED because it does not appear the orders were entered erroneously.
CORRIGAN, C.J. states:
I concur in the order denying defendants' motions for reconsideration. I write separately to illustrate the lack of guidance that M.C.L. § 418.301(1) provides in situations involving multiple causes of injuries where at least one cause is not employment-related.
These cases involve interpretation of M.C.L. § 418.301(1) of the Worker's Disability Compensation Act, M.C.L. § 418.101 et seq. MCL 418.301(1) pertinently provides: "An employee, who receives a personal injury arising out of and in the course of employment ... shall be paid compensation as provided in this act." (Emphasis added). Plaintiffs were driving vehicles when they suffered diabetic seizures, causing them to become involved in automobile accidents. The parties do not dispute that the injuries suffered in the accidents arose in the course of employment. The question presented in these cases is whether the injuries "arose out of" employment.
The text of M.C.L. § 418.301(1) fails to provide adequate legislative guidance concerning the meaning of "arising out of" in the instant situation. Where, as here, two causes combine to produce an injury, and one of the causes is not related to employment, it is conceptually difficult to determine whether the injury "arose out of" employment under M.C.L. § 418.301(1). Plaintiffs' idiopathic diabetic conditions along with their employment-related driving caused their injuries. Neither cause was the sole cause of the injuries. Therefore, according the terms of the statute their plain and ordinary meanings, as we must, it is unclear whether plaintiffs' injuries arose out of employment.
When interpreting statutory language, our obligation is to discern and give effect to the legislative intent that may reasonably be inferred from the words expressed in the text. Koontz v. Ameritech Services, Inc., 466 Mich. 304, 312, 645 N.W.2d 34 (2002). But the language used in M.C.L. § 418.301(1) does not address the situation where injuries are attributable to multiple causes, one employment-related and one not. Were we not constrained to follow and abide by the Legislature's dictates, I suppose that we could simply invent a test to address this situation. However, our constitutional role is not to create the law, but to interpret it. Consequently, we are left with a situation that neither M.C.L. § 418.301(1) nor any other statute adequately addresses.